IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LIDINILA R. REYES, | ) | CIVIL NO. 13-00028 JMS-BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING RENEWED |
| | ) | MOTION TO TRANSFER VENUE |
| vs. | ) | |
| | ) | |
| CORAZON D. SCHUTTENBERG, | ) | |
| MARINA NAVARRO CHONG, and | ) | |
| RISHA NAVARRO LAI, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING RENEWED MOTION TO TRANSFER VENUE

## I. INTRODUCTION

On June 19, 2013, Plaintiff Lidinila R. Reyes ("Plaintiff") filed a

Motion for Reconsideration (Doc. No. 42) of an April 29, 2013 Order Denying

Motion for Transfer of Venue (the "April 29 Order").  Doc. No. 29.  The April 29

Order denied Plaintiff's Motion to Transfer Venue (Doc. No. 26) without

prejudice, and granted Plaintiff leave to "refile a Motion to Transfer Venue should

the facts change and it is then appropriate."  Doc. No. 29, April 29 Order at 3.

Pursuant to the Entering Order dated June 20, 2013 (Doc. No. 44), this court

construes the Motion for Reconsideration as a Renewed Motion for Transfer of

Venue (the "Renewed Transfer Motion").  For the reasons that follow, the

Renewed Transfer Motion is GRANTED.

## II. <u>BACKGROUND</u>

**A.      Factual Background**

The instant action is one for defamation by libel and slander brought by Plaintiff against her cousin, Corazon D. Schuttenberg ("Schuttenberg"), her sister, Marina Navarro Chong ("Chong"), and her niece Risha Navarro Lai ("Lai") (collectively, "Defendants").  Doc. No. 8, First Amended Complaint ("FAC") at 1.

Schuttenberg resides in New York, and Chong and Lai reside in Hawaii.  *Id.* at 2-3.  Plaintiff currently resides in Las Vegas, Nevada, but lived with Chong in Hawaii from August 2007 to July 2012.  *Id.* at 2; Doc. No. 8-1, Pl.'s Decl. at 1; Doc. No. 52, Addendum to Pl.'s Decl. ¶ 4.  Plaintiff is an author and attorney licensed to practice in the Philippines, and during her time in Hawaii, performed paralegal work.  Doc. No. 8-1, Pl.'s Decl. at 1.

From 2007 through at least early 2012, Defendants allegedly made defamatory statements to multiple relatives and acquaintances outside of Hawaii. These communications allegedly caused harm to Plaintiff's relationship with her children and other relatives, professional reputation and livelihood, and emotional and physical health.  Doc. No. 8, FAC at 4-16.

2

A primary recipient of these communications was Plaintiff's daughter, Daisy May Reyes Rivera ("Rivera"), who currently resides in Las Vegas, Nevada. Rivera states that Chong and Schuttenberg communicated with her "constantly" via telephone and email "from 2007 to early 2012."  Doc. No. 8-2, Rivera Decl. at 1. During the period April 28 through May 8, 2012, Lai allegedly made defamatory statements about Plaintiff to Rivera while Lai was visiting Rivera in Las Vegas, Nevada.  *Id.* at 2.  In a Declaration dated May 8, 2013, Rivera describes a confrontation between herself and Schuttenberg at Rivera's Las Vegas house on May 1, 2012 concerning defamatory comments by Schuttenberg.  Doc. No. 30-1, Rivera Decl. at 8.

The FAC alleges that Lai posted on Facebook "conversations [containing defamatory comments about Plaintiff] with Plaintiff's daughter and thru text-messaging her friends and other relatives."  Doc. No. 8, FAC at 5. Plaintiff alleges that Lai's comments were "also communicated to interested parties in Las Vegas, California and North Carolina who were contemplating the use of Plaintiff's legal services in the Philippines."  *Id.*

Upon learning of Defendants' conduct in July 2012, Plaintiff moved out of Chong's house, experienced significant emotional and physical setbacks to her already fragile health, and prepared the instant lawsuit.  Doc. No. 8-1, Pl.'s

Decl. at 1-4, 7; *see* Doc. No. 8, FAC at 4, 13, 16.  Plaintiff suffers from multiple

chronic health issues, including "a rare auto-immune bleeding disorder, idiopathic

thrombocytopenic purpura[.]"  *See* Doc. No. 42-3, Pl.'s Ex. B, Certification of Dr.

Carolina D. Davide, dated April 16, 2013; *see also* Doc. No. 42-2, Pl.'s Ex. A,

Certification of Dr. Melvin P. Palalay, dated April 30, 2013.  This condition "can

lead to excessive and serious bleeding due to unusually low platelet count[.]"  Doc.

No. 42-2, Pl.'s Ex. A, Palalay Cert.  Plaintiff's condition "was gravely and

seriously aggravated" during the "height of the personal attacks on her," and

although she is now stabilized, "this can abruptly change under further pressure

and stress."  Doc. No. 42-3, Pl.'s Ex. B, Davide Cert.  Because of this disorder,

Plaintiff was not medically cleared to travel to her residence in Las Vegas until

recently, well after the instant action was filed.  *See* Doc. No. 48, Pl.'s Reply at 5-

7, 13-15; *see also* Doc. No. 52, Addendum to Pl.'s Decl. ¶ 4.

**B.     Procedural Background**

On January 16, 2013, Plaintiff, then appearing pro se, filed her

Complaint.  Doc. No. 1.  Plaintiff asserts that she filed in the District of Hawaii

because her health prevented her from traveling to Las Vegas.  Doc. No. 42-1, Pl.'s

Mem. at 1.  On February 6, 2013, Plaintiff filed her FAC.  Doc. No. 8.

On February 13, 2013, Schuttenberg filed a Motion to Dismiss, Doc. No. 13, to which Chong and Lai joined on March 11, 2013.  Doc. No. 19.  On May 14, 2013, Plaintiff filed an Opposition to the Motion to Dismiss (Doc. No. 30) and Schuttenberg filed a Reply on June 4, 2013.  Doc. No. 38.

Meanwhile, on April 24, 2013, Plaintiff filed a Motion to Transfer Venue (Doc. No. 26), which the April 29 Order denied.  On May 16, 2013, Plaintiff filed a Notice of Appearance of counsel, Doc. No. 32, followed by the instant Renewed Transfer Motion on June 19, 2013.  Doc. No. 42.  By a June 20, 2013 Entering Order, this court stayed the Motion to Dismiss pending resolution of the Renewed Transfer Motion.  Doc. No. 44.  On July 8, 2013, Chong and Lai filed an Opposition to the Renewed Transfer Motion.  Doc. No. 47.  On July 15, 2013, Plaintiff filed a Reply.  Doc. No. 48.  On July 18, 2013, the court issued an Entering Order directing Plaintiff to submit a supplemental declaration.  Doc. No. 50.  On July 31, 2013, Plaintiff filed an Addendum to Plaintiff's Declaration.  Doc. No. 52.  Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

///

///

///

# III. <u>DISCUSSION</u>

## A.    Legal Standard

28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In applying § 1404(a), the court must determine whether: (1) the action could have been brought in the transferee district; (2) "the transfer will enhance the convenience of the parties and witnesses;" and (3) the transfer "is in the interests of justice." *Robinson Corp. v. Auto-Owners Ins. Co.*, 304 F. Supp. 2d 1232, 1243 (D. Haw. 2003) (internal quotation marks omitted).  In determining whether the convenience of parties and the interests of justice warrant a transfer of venue, the Ninth Circuit has articulated several non-exclusive factors that the district court may consider, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  Further,

"the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." *Id.* at 499.

"Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." *Commodity Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also Jones*, 211 F.3d at 498 ("[T]he district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." (quotations omitted)).

However, "courts hold plaintiffs to a different standard than defendants who move for transfer[,]" and "generally agree that a plaintiff must first show that there has been a change of circumstances since the suit was filed[.]" *Bobosky v. Adidas*, 2010 WL 4853295, at *5-6 (D. Or. Oct. 8, 2010) (denying transfer of venue, in part, because of a lack of evidence that the plaintiffs' circumstances had changed); *see also Moto Photo, Inc. v. K.J. Broadhurst Enters.*, 2003 WL 298799 at *3 (N.D. Tex. Feb. 10, 2003) (proceeding to an evaluation of convenience factors following a showing that plaintiff's changed circumstances affected venue).

///

///

7

**B.    Change of Circumstances**

Plaintiff contends that she filed her action in this district because her health prevented her from leaving Hawaii and she wished to preserve her claims. *See* Doc. No. 42-1, Pl.'s Mem. at 1.  In this Renewed Transfer Motion, Plaintiff clarifies that her health improved from the time this action was filed,[1] as evidenced by certifications from her doctors confirming not only her improvement, but also her medical diagnoses, fragile condition, and risk of relapse.  Doc. Nos. 42-2 & 42-3, Pl.'s Exs. A & B; *see also* Doc. No. 52, Addendum to Pl.'s Decl. ¶ 4.  Second, Plaintiff indicated that her health coverage was cancelled and therefore, she no longer has access to medical doctors and treatment in Hawaii.  Doc. No. 52, Addendum to Pl.'s Decl. ¶ 17.  Third, Plaintiff is, in fact, no longer in this district, having traveled recently to her residence in Las Vegas.  *Id.* ¶ 4.

Plaintiff's personal circumstances have clearly changed from the time she filed this action.  Whether those changes warrant a transfer of venue depends on whether this action could have been brought in the District of Nevada and the § 1404(a) factors.

---

[1]  The April 29 Order determined that Plaintiff's allegation of fragile health was not a changed circumstance warranting transfer because that fact was evident in the original Complaint.  Unlike this Renewed Transfer Motion, Plaintiff's Motion to Transfer Venue contained contradictory allegations concerning her health and did not contain any medical evidence to confirm a change in her condition that might warrant a transfer of venue.

C.    **Whether The Action Could Have Been Brought in the District of Nevada**

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b).  Subsection (2) "does not require that a majority of the events have [sic] occurred in the district where suit is filed, nor does it require that the events in that district predominate."  *Rodriguez v. Cal. Highway Patrol*, 89 F. Supp. 2d 1131, 1136 (N.D. Cal. 2000).  Rather, Plaintiff need only show that "significant events or omissions material to [her] claim[s]" occurred in Nevada.  *Samson Tug & Barge Co. v. Koziol*, 869 F. Supp. 2d 1001 1015 (D. Alaska 2012) (internal citations omitted); *see also Rodriguez*, 89 F. Supp. 2d at 1136 (stating that subsection (2) requires only a showing that "a substantial part of the events giving rise to their claims occurred" in the transferee district).

The primary activities giving rise to Plaintiff's claims are the allegedly defamatory statements made by Defendants to Plaintiff's children, other relatives, and acquaintances.  Plaintiff alleges that a significant number of these statements were made by Defendants to Rivera while she resided in Nevada.  *See* Doc. No. 8-1, Pl.'s Decl. at 1-4; *see also* Doc. No. 8-2, Rivera Decl. at 1-8.  In addition, Plaintiff alleges that Schuttenberg and Lai made some of these statements to Rivera while they were physically present in Rivera's Nevada home in 2012.

9

*See* Doc. No. 8-1, Pl.'s Decl. at 2; *see also* Doc. No. 30-1, Rivera Decl. at 8. Because of these activities, Plaintiff alleges that she suffered estrangement from Rivera.  Doc. No. 8-1, Pl.'s Decl. at 4.

The FAC sufficiently alleges that significant events giving rise to Plaintiff's claims occurred in Nevada.  Accordingly, Plaintiff could have brought this action in the District of Nevada.

**D.    Convenience of the Parties and Witnesses and Interests of Justice Analysis**

Because Plaintiff could have brought this action in the District of Nevada, the court will analyze and balance the *Jones* factors to determine if transfer would be convenient to the parties and witnesses, and in the interests of justice.  *Jones*, 211 F.3d at 498-99.

**1.    *Location of Events Giving Rise to Plaintiff's Claims***

Defendants allegedly made their defamatory statements from Nevada, New York, and/or Hawaii.  They communicated those statements to others in Nevada, Hawaii, California, North Carolina, and the Philippines.  Thus, the events giving rise to Plaintiff's claims did not occur exclusively in one district.  The court finds that the majority of events giving rise to Plaintiff's claims occurred both in Hawaii and Nevada, and that Plaintiff felt, and continues to feel, the effects of Defendants' conduct both in Hawaii and Nevada.  The defamatory communications

alleged with the most particularity, however, were issued from New York, Hawaii, and Nevada and were received in Nevada.  This factor marginally favors a finding that the events giving rise to Plaintiff's claims occurred in Nevada.

### 2.    *State Most Familiar with Governing Law*

In diversity actions, federal district courts apply the forum state's choice of law rules to determine applicable substantive law.  *Narayan v. EGL, Inc.* 616 F.3d 895, 898 (9th Cir. 2010).  Both Hawaii and Nevada apply the law of the state with the most significant relationship to the parties and subject matter.  *See Vignola v. Gilman*, 854 F. Supp. 2d 883, 886 (D. Nev. 2012) and *Matsuda v. Wada*, 101 F. Supp. 2d 1315, 1320 (D. Haw. 1999).  It is unclear at this time which substantive law would apply.  Accordingly, the court finds this factor to be neutral.

### 3.    *Plaintiff's Choice of Forum*

Normally, a plaintiff's choice of forum is given great deference, but courts have found this factor to be less significant where a plaintiff originally filed suit in a different district.  *See FPC Corp. v. Uniplast, Inc.*, 994 F. Supp. 945, 946 (N.D. Ill. 1998) (stating that "it seems odd that a plaintiff who has chosen an improper forum should have great weight given to [its] second choice"); *see also Bobosky*, 2010 WL 4853295, at *6 (recognizing that a plaintiff's subsequent choice of venue is less favored because otherwise, "a motion to transfer venue could

11

become an unchecked tool for the plaintiff to shop among forums and between judges").

In this case, Plaintiff neither chose an improper forum, nor appears to have engaged in forum shopping. Rather, Plaintiff rather compellingly asserts that one reason she filed this action in Hawaii is that her health prevented her from returning to Nevada.[2] *See* Doc. No. 25, Pl.'s Decl. ¶ 6. Because Plaintiff chose to file her action in this district to preserve her claims, not knowing how long it would take to obtain medical clearance to travel to her residence in Nevada, and she is now in Nevada, the court finds it appropriate to grant deference to her preferred choice of venue. This factor favors transfer.

### 4.     The Parties' Contacts with the District of Nevada

Plaintiff currently resides in Nevada and she alleges that she was a Nevada citizen when she filed this action. None of the Defendants is a resident of Nevada, but they all allegedly made numerous communications via telephone, text messaging, email, and/or Facebook to Rivera in Nevada. Two of the three Defendants allegedly made defamatory statements about Plaintiff while they were physically present in Nevada. There is no question that a transfer would be more

_____

[2] In fact, even though Plaintiff's health stabilized sufficiently to allow her to travel to Nevada, she suffered significant health complications as a result of that travel. Doc. No. 52, Addendum to Pls.' Decl. at 2, 6, 18.

12

convenient to Plaintiff, and perhaps to Schuttenberg, but would be inconvenient to Chong and Lai.  Accordingly, the court finds this factor to be neutral.

### 5. *The Differences in the Cost of Litigation in the Two Venues*

The primary difference in cost connected with litigation of this action is that of airfare.  Plaintiff would experience greater costs traveling to Hawaii to litigate the action.  Airfare from New York to Hawaii would presumably be greater for Schuttenberg than airfare to Nevada.  But, airfare for Chong and Lai would be greater to litigate in Nevada.  Although Defendants have obtained counsel in Hawaii, this case is fairly new and the legal cost to litigate in Nevada is not likely to be appreciatively more.  This factor is also neutral.

### 6. *Remaining* **Jones** *Factors*

The remaining *Jones* factors concern the ability to compel the appearance of witnesses and to obtain access to sources of proof.  Because the events at issue in this action occurred in multiple locations, neither district has a distinct advantage to compel unwilling witnesses.  The court notes, however, that Nevada is a more convenient venue for Rivera, the sole witness identified by the parties to date, and who is undoubtedly necessary to obtain resolution of Plaintiff's claims.  Plaintiff confirmed that Rivera is her primary witness and also stated that she intends to use three witnesses in Hawaii as well as multiple witnesses in

Nevada, who had lived in Hawaii at some point relevant to Plaintiff's claims. Doc. No. 52, Addendum to Pl.'s Decl. at 7, 14-15. Accordingly, the court finds the factor regarding the court's ability to compel the appearance of witnesses to favor transfer.

Documentary evidence can be produced electronically in many instances and absent some particular unforeseen difficulty, would be equally available in Hawaii or Nevada. The factor regarding obtaining access to sources of proof is neutral.

### 7.    *Interests of Justice*

Finally, the court must determine whether the interests of justice favors transfer of venue. Any inconvenience to Defendants is far outweighed by the risks to Plaintiff's health should a transfer be denied. The interests of justice strongly favors transfer.

## IV. <u>CONCLUSION</u>

After careful consideration of the *Jones* factors and the interests of justice, the court finds that transfer of this action to the District of Nevada is

///

///

///

warranted.  Accordingly, Plaintiff's Renewed Transfer Motion is GRANTED.  The

Clerk of Court is directed to transfer this case to the District of Nevada - Las

Vegas.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 13, 2013.



   /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Reyes v. Schuttenberg, et al.*, Civ. No. 13-00028 JMS-BMK, Order Granting Renewed Motion to Transfer Venue